UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
RICHARD P. LORSON,

        Plaintiff,      CV 03-693 (DRH) (ETB)

 -against-          REPORT AND
                RECOMMENDATION
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
----------------------------------------------------------------------x

TO THE HONORABLE DENIS R. HURLEY, UNITED STATES DISTRICT JUDGE:

 Before the court is the application of plaintiff's counsel, Charles E. Binder ("Binder"), for an award of attorney's fees in the amount of $14,969.15, pursuant to 42 U.S.C. § 406(b)(1). For the following reasons, I recommend that plaintiff's counsel's application be granted.

## FACTS

 Plaintiff, Richard P. Lorson ("plaintiff" or "Lorson"), applied for Social Security disability benefits on December 7. 1998, alleging disability as of July 22, 1998. (Aff. of Charles E. Binder ("Binder Aff."), dated June 5, 2007, ¶ 1.) Plaintiff's claim was denied in May 1999. (Id.)

 Plaintiff thereafter retained Charles E. Binder to further pursue his request for disability benefits. (Id., ¶ 2.) Plaintiff's retainer agreement with Binder provided that should Binder be successful in obtaining disability benefits for plaintiff and his eligible family members, Binder would be entitled to a fee of twenty-five percent (25%) of the back-due benefits awarded. (Id.)

-1-

Binder thereafter filed a request for reconsideration of plaintiff's application with the Commissioner of Social Security. (Id.) That application was denied on August 10, 1999 and a request for a hearing was timely filed. (Id.)

On December 7, 1999, plaintiff and Binder appeared for a hearing before Administrative Law Judge, Joseph Halpern. (Id., ¶ 3.) By decision dated January 4, 2000, Judge Halpern found that plaintiff was not disabled within the meaning of the Social Security Act. (Id.) On December 8, 2000, plaintiff requested the Appeals Council review Judge Halpern's decision. (Id.) That request was denied on December 16, 2002. (Id.)

Plaintiff then commenced a civil action in federal court on February 12, 2003. (Id., ¶ 4.) On June 13, 2003, Judge Hurley remanded the plaintiff's case to the Commissioner of Social Security (the "Commissioner") for further administrative proceedings. (Id.) By written notice, dated July 2, 2003, the Appeals Council vacated the final decision of the Commissioner and remanded the matter to an administrative law judge for further proceedings. (Id.)

On February 19, 2004, plaintiff again appeared before Administrative Law Judge Halpern for a second hearing. (Id., ¶ 5.) By written decision dated March 1, 2004, Judge Halpern found plaintiff disabled within the meaning of the Social Security Act as of his alleged onset date, July 22, 1998. (Id.)

Binder initially filed an application for attorney's fees with the Social Security Administration ("SSA"), pursuant to 42 U.S.C. § 406(a), and was awarded fees in the amount of $15,000 for services performed at the administrative level. (Id., ¶ 7.) Since the amount awarded by the SSA "is less than the calculated 25% that was withheld from the past due benefits awarded to plaintiff," Binder now makes the within application, seeking $14,969.15, which

represents the balance of the twenty-five percent that was withheld from the retroactive disability benefits awarded to plaintiff.

Defendant, the Commissioner of Social Security, opposes Binder's application, asserting that the fees requested are not reasonable. Although the Commissioner agrees that the fees requested do not exceed the twenty-five percent cap permitted under 42 U.S.C. § 406(b), he argues that when the award requested is divided by the number of hours actually expended by plaintiff's counsel, the resulting hourly rate is in excess of $700 per hour, which the Commissioner does not believe to be justified. (Letter of Karen T. Callahan ("Callahan Letter"), dated June 15, 2007, at 2.)

DISCUSSION

Pursuant to 42 U.S.C. Section 406(b)(1)(A) (hereinafter referred to as "Section 406(b)"), a court "may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A)[1]. Such fees are payable "out of, and not in addition to, the amount of such past-due benefits." Id. In addition, where a claimant's attorney is awarded fees under this provision, "no other fee may be payable." Id.

---

[1] Section 406(b) governs attorney's fees solely for representation in court while Section 406(a) pertains to fees earned for representation at the administrative level. See 42 U.S.C. § 406(a) and 406(b); see also Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002). Binder has already been awarded $15,000 in fees for his representation of plaintiff during the administrative proceedings in this action. At issue here are only the fees requested for representation of the plaintiff in federal court.

-3-

The United States Supreme Court has interpreted Section 406(b) to be a "control" on contingency fee agreements entered into between counsel and their clients, Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002), such that the language used in Section 406(b) provides a ceiling of twenty-five percent for such fee arrangements. See id. at 799. As the Supreme Court noted, "[s]uch contracts are the most common fee arrangement between attorneys and Social Security claimants." Id. "Characteristically," and as with the within action, attorneys and the Social Security claimants that they represent enter into contingent-fee agreements "specifying that the fee will be 25 percent of any past-due benefits to which the claimant becomes entitled." Id. at 803.

According to the Supreme Court, courts reviewing applications for attorney's fees under Section 406(b) should defer to the contingent-fee agreement, but should test such an agreement for "reasonableness." Id. at 808. The burden is on the claimant's attorney to establish that "the fee sought is reasonable for the services rendered." Id. at 807. In reaching this decision, the Court specifically rejected the lodestar approach as inappropriate for evaluation of a contingent-fee agreement under Section 406(b). See id. at 793; see also Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) ("[T]he traditional lodestar method, borrowed from fee-shifting context, is not appropriate for evaluating a reasonable fee to be paid by the client in a social security case where there is a contingent fee agreement.") (citations omitted). While contingent-fee agreements "cannot simply be adopted as per se reasonable in all social security cases," courts must recognize that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment."

Wells, 907 F.2d at 371. Accordingly, such agreements should be afforded proper deference. See id.

When evaluating whether a contingent-fee arrangement is reasonable, courts should take into account the following factors: (1) whether the requested fee is consistent with "the character of the representation and the results the representative achieved;" (2) whether the attorney is "responsible for delay" so as to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case," such that counsel would be receiving a "windfall." Ginsbrecht, 535 U.S. at 808; see also Wells, 907 F.2d at 372 (listing similar factors but stating as the second factor whether there has been any fraud or overreaching in the contingency fee agreement). Courts have routinely approved fee arrangements of twenty-five percent where the agreement was able to withstand a reasonableness evaluation applying these factors. See, e.g., Briem v. Barnhart, No. 05 CV 6219, 2006 WL 3374955, at *1 (W.D.N.Y. Nov. 17, 2006) (awarding 25% of past-due benefits minus the amount received for services performed at the administrative level); Joslyn v. Barnhart, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2005) (granting plaintiff's counsel's motion for attorney's fees amounting to 25% of the social security disability award); Boyd v. Barnhart, No. 97 CV 7273, 2002 WL 30296590, at *4 (E.D.N.Y. 2002) (awarding counsel the balance of the 25% withheld by the Commissioner's office as attorney's fees for services rendered at the judicial level).

In the within action, the Commissioner concedes that the fees requested by Binder do not exceed the twenty-five percent cap imposed by Section 406(b). (Callahan Letter, at 2.) Nor does the Commissioner allege any fraud or overreaching in the fee arrangement. (See id.).

-5-

However, the Commissioner opposes Binder's fee request on the grounds that such an award would constitute a windfall because when the award sought is divided by the hours spent by counsel on the case, the resulting hourly rate equals $777.62. (See id.) The Commissioner further asserts that the amount requested is not reasonable because Binder's affirmation in support of his request is "devoid of any information regarding the usual billing rates for his services and those of his employees." (Id.) The Commissioner goes on to state that although Binder's affirmation contains a description of his experience, it lacks a description of Binder's associate, who expended the majority of time on plaintiff's case. (See id. at 2-3.)

The Commissioner's assertions are without merit. While it is true that Binder has not submitted any information concerning the usual billing rates of the attorneys in his firm, such information is not required when evaluating a fee petition under Section 406(b). Although such information is necessary when engaging in a lodestar analysis, both the Second Circuit and the Supreme Court have stated that the lodestar approach is inappropriate to the evaluation of attorney's fees within the Social Security context. See Ginsbrect, 535 U.S. at 793; Wells, 907 F.2d at 371. Moreover, when the time spent by counsel on the plaintiff's claim,[2] as well as counsel's excellent qualifications and vast experience in the area of Social Security Disability

---

[2] Counsel states in his affirmation that he expended 19.25 hours on plaintiff's claim in federal court, (Binder Aff., ¶ 12), and has worked on plaintiff's case since May 27, 1999, which included two administrative hearings and an appeal to the Appeals Council in addition to the federal appeal. (Id., ¶ 8.) Although the district court is without jurisdiction to award fees for representation at the administrative level, the "time spent and the work performed by counsel . . . at the agency level" is a factor that may be considered by the district court when determining whether the requested fee is reasonable. Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005); see also Briem, 2006 WL 3374955, at *1 (taking into account the time and effort expended by counsel at the administrative level when determining that the requested fee of 25% was reasonable) (citing Mudd, 418 F.3d at 428).

law, are taken into consideration, the fees requested are reasonable and do not amount to a windfall.

Based on the foregoing, I recommend that Binder's request for attorney's fees in the amount of $14,969.15, pursuant to 42 U.S.C. § 406(b), be granted. This amount represents the balance of the twenty-five percent withheld by the Commissioner from plaintiff's award of past-due disability benefits.

## RECOMMENDATION

The undersigned recommends that Binder's application for attorney's fees in the amount of $14,969.15, pursuant to 42 U.S.C. § 406(b), and representing the balance of the twenty-five percent withheld by the Commissioner of Social Security from plaintiff's award of past-due Social Security Disability benefits, be granted.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Plaintiff's counsel is directed to serve a copy of this report on all parties upon receipt.

SO ORDERED.

Dated: Central Islip, New York
July 30, 2007

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge